UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
JAMES BLOUNT and JEROME CHAPMAN,

Plaintiffs,

-against-

THE CITY OF NEW YORK, STEVEN
MAURIELLO, JUANCAR CRUZ, and
JOHN DOES 1- 4,

Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ APR 29 2011 ★
BROOKLYN OFFICE

**CV 11 - 2089**

**COMPLAINT**

**COGAN, J.**

Plaintiffs James Blount and Jerome Chapman, by their attorneys, Reibman &

Weiner, as and for their Complaint, hereby alleges as follows, upon information and belief:

### PARTIES, VENUE and JURISDICTION

1.      At all times hereinafter mentioned plaintiff Blount was an adult male

resident of the County of Kings, City and State of New York.

2.      At all times hereinafter mentioned plaintiff Chapman was an adult male

resident of the County of Kings, City and State of New York.

3.      At all relevant times hereinafter mentioned, defendant City of New

York ("New York City"), was and is a municipal corporation duly organized and existing

under and by virtue of the laws of the State of New York and acts by and through its

agencies, employees and agents, including, but not limited to, the New York City Police

Department ("NYPD") and its employees.

4.      At all relevant times hereinafter mentioned, defendant Steven Mauriello

was employed by the City of New York as the Commanding Officer of the 81 Precinct of the NYPD. Mauriello is being sued in both his official and individual capacities.

5.    At all times hereinafter mentioned, defendant Juancar Cruz, whose tax and shield numbers were 933732 and 03857, respectively, was a member of the NYPD and was at all relevant times herein employed, retained, and trained by New York City. Cruz is sued herein in his official and individual capacities.

6.    At all times hereinafter mentioned, the defendants, John Does 1-4 (collectively referred to herein as the "Doe defendants") were members of the NYPD and at all relevant times herein were employed, retained, and trained by New York City. The Doe defendants are sued herein in their official and individual capacities.

7.    This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

8.    Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Eastern District of New York, where the majority of the events complained of herein occurred, and where plaintiffs and the municipal defendant reside.

## RELEVANT FACTS

9.    As of September 9, 2009, plaintiff Chapman resided at 113 Chauncey Street, Apartment 3F, in Kings County, New York (the "premises").

10.   On September 9, 2009, at or about 7:00 p.m., plaintiff Blount went to the 113 Chauncey Street to visit his friend, plaintiff Chapman.

11.   Blount was let in the front door to the building by a neighbor and

2

proceeded upstairs. Finding that Chapman was not in his apartment, Blount began descending the stairs.

12.     At the same time, the individual defendants, but not Mauriello, accompanied by additional officers, entered the building. The officers, many or all of whom were clad in black and brandishing automatic weapons, seized Blount as he was coming down the stairs.

13.     The officers are believed to have entered each of the apartments within the building and arrested every person they found therein.

14.     Blount was searched at the scene of his arrest. He was not carrying any contraband, nor had he engaged in any illegal activity, or any activity that a reasonable officer could believe was criminal.

15.     Blount handcuffed and transported to the 81 precinct station house. Plaintiff was eventually taken and imprisoned at Kings County Central Booking, under arrest number K09685874.

16.     At no time did any of the defendants have sufficient legal cause to seize, detain, or arrest plaintiff, nor was there any basis for defendants to reasonably believe that such cause existed.

17.     At no time did any of the officers or defendants present, or any other member of the NYPD, take any steps to intervene in, prevent, or otherwise limit the heretofore conduct engaged in by their fellow officers.

18.     On September 10, 2009, nearly 24 hours after his arrest, the Kings County District Attorney's Office declined to press any criminal charges against Blount, and

3

the plaintiff was released from custody.

19.     It is believed that the other individuals arrested inside 113 Chauncey Street were also summarily released without being charged, and that no criminal charges were ever brought against any of the individuals arrested

20.     When plaintiff Chapman returned to the premises later that night, he found the defendants had already left.  They had entered his apartment, destroyed thousands of dollars of property, and seized several of his pets.

21.     One of his pets was an eleven year-old dog, whom the officers caged with at least one pit bull, which did not belong to Chapman.

22.     Chapman's dog was then attacked and injured by the pit bull.

23.     Chapman's dog was eventually returned to him by the ASPCA after various fees and expenses were paid.

24.     At no time did Chapman, or any other individual, give defendants permission to enter the premises.

25.     In the event that defendants had a warrant to enter the premises, said warrant would necessarily have been obtained through the presentation of false, fraudulent and/or materially misleading information and evidence, as Chapman had not been engaged in any criminal activity within the premises.

26.     Chapman was not arrested by the defendants, nor did they seize any items from the premises, other than the pets, and related materials.  No narcotics, paraphernalia, weapons, or any other, similar items were found in the premises.

27.     Upon information and belief, the other Doe defendants intentionally

4

and deliberately gave false statements, failed to file accurate or corrective statements, or failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

28.     At all times relevant herein, each of the Doe defendants were acting within the scope of their employment with the NYPD and the City of New York, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

29.     Additionally, the defendants City of New York and Mauriello, have demonstrated a pattern and practice of abuse of power and deprivation of civil rights by subjecting persons to unlawful and unjustified detentions and deprivations of legal rights and remedies.

30.     Defendant Mauriello personally demanded, and directed supervisory officers in his command to demand, that officers assigned to the 81 Precinct meet quotas for arrests, even if this meant making arrests without probable cause.  Mauriello communicated to the officers in his command that they could suffer professional reprisal if they failed to, in part, make enough arrests or otherwise engage in enough statistically demonstrable activity. By instituting and enforcing this policy, Mauriello knew, should have known that officers under his command would make unlawful arrests in order to comply with Mauriello's demand for greater numbers of arrests and activity levels.

31.     By implementing and enforcing a policy by which officers were directed to meet arrest quotas, Mauriello deliberately fostered an atmosphere where concern for constitutional rights and legal guidelines were subordinated to a demand for arrests,

5

regardless of there was a legal basis therefore.

32. This practice and policy of Mauriello, which was done with the express or tacit approval of his supervisors and the NYPD as an institution, resulted in, *inter alia*, the persistent harassment of individuals, false arrest of said persons, insensitivity, intolerance, physical punishment and abuse, failure to investigate claims of abuse and violations of departmental rules and regulations, failure to discipline officers when necessary, covering up such incidents when possible, and generally creating and fostering an environment in which an attitude of "cover-up" and denial and rationalization of officer misbehavior, tortious acts, and violations of law were condoned and accepted, as exemplified by the facts alleged herein.

## FIRST CAUSE OF ACTION

33. Plaintiffs repeat the allegations contained in paragraphs "1" through "32" above as though stated fully herein.

34. Defendants willfully and intentionally subjected plaintiff Blount to false arrest and imprisonment by seizing and arresting him without probable cause therefor, and without a reasonable basis to believe that such cause existed.

35. Defendants subjected plaintiffs both plaintiffs to unlawful searches and seizures, and did so without any reasonable basis to believe such conduct was lawful.

36. By so doing, the individual defendants, individually and collectively have violated the plaintiffs' constitutional rights under the Fourth, and Fourteenth Amendments of the United States Constitution

37. By reason thereof, the individual defendants have violated  42 U.S.C.

6

§1983 and caused plaintiffs emotional and physical injuries, mental anguish, the loss of their constitutional rights, and, with respect to Mr. Blount, to be unlawfully incarcerated.

### SECOND CAUSE OF ACTION

38.      Plaintiffs repeat the allegations contained in paragraphs "1" through "36" above as though stated fully herein.

39.      Defendants City of New York and Mauriello created, caused to be created, or were otherwise aware of and overtly or tacitly endorsed a policy by which officers assigned to the 81 precinct were directed to meet quotas and prescribed activity levels by making arrests, regardless of whether all of the arrests were lawful or otherwise supported by probable cause.

40.      This policy aggressively directed officers to seize, detain, and arrest individuals in order to improve the statistical performance of the 81st precinct, and expressly authorized officers to to make arrests without sufficient legal cause.

41.      These defendants, by creating and/or enforcing this policy, caused persons inthe deprivation of plaintiffs' rights as set forth herein.

42.      By reason thereof, defendants have violated 42 U.S.C. § 1983 and caused each of the plaintiffs to be deprived of his federal constitutional rights, and to suffer loss of liberty, humiliation and embarrassment, emotional and physical suffering, and mental anguish.

7

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, the plaintiffs hereby demand a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiffs demands judgment against defendants jointly and severally as follows:

    i.    on the first cause of action actual and punitive damages in an amount to be determined at trial;

    ii.    on the second cause of action actual and punitive damages in an amount to be determined at trial;

    iii.    statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988, expenses, disbursements, and costs of this action; and

    iv.    such other relief as the Court deems just and proper.

Dated:    Brooklyn, New York
           April 17, 2011

           REIBMAN & WEINER

By: _____
           Michael Lumer (ML-1947)
           Attorneys for Plaintiff
           26 Court Street, Suite 1808
           Brooklyn, New York 11242
           (718) 522-1743

8